```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION


AUSTIN E. JAMES,                )
                                )
    Plaintiff,                  )
                                )
vs.                             )    CIVIL ACTION 09-00254-KD-B
                                )
BALDWIN BONE & JOINT, P.C.,     )
et al.,                         )
                                )
    Defendants.                 )
```

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants Baldwin Bone & Joint, PC. and Rhett Hubley, M.D.'s Motion to Dismiss (Doc. 7) and Defendant Daniel K. Stubler, M.D.'s Motion to Dismiss. (Doc. 8) Plaintiff filed responses in opposition to the motions. (Docs. 14, 16) The motions and the responses in opposition were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of the parties' motions, and the briefs in opposition, the undersigned RECOMMENDS that Defendants' Motions be denied.

### I.   Background

Plaintiff Austin E. James filed the instant action on May 7, 2009 against Defendants Baldwin Bone, P.C., Rhett Hubley, M.D. and Daniel K. Stubler, M.D. (Doc. 1). Plaintiff asserts claims of negligence against Dr. Hubley and Baldwin Bone, P.C. in connection with a surgery that was performed on June 8, 2007. Plaintiff also contends that Dr. Stubler was negligent because he failed to

1

properly evaluate Plaintiff following the surgery.  Plaintiff also contends that Defendants Dr. Hubley and Baldwin Bone, P.C. acted wantonly in allowing Plaintiff's right radial nerve to go without proper identification and protection during the above-referenced surgery.

As noted supra, Defendants Baldwin Bone, P.C. (hereinafter "Baldwin Bone") and Rhett Hubley, M.D. (hereinafter "Dr. Hubley") are seeking the dismissal of Plaintiff's Complaint.  In their motion, Defendants argue that it is not clear that complete diversity jurisdiction exists because at the time of his medical treatment, Plaintiff presented an Alabama driver's licence. Defendants further argue that while paragraphs 8 and 9 of Plaintiff's Complaint likely meet the specificity required under the Alabama Medical Liability Act of 1987, § 6-5-551, Code of Alabama, (hereinafter "AMLA") the allegations in paragraph 10 are vague and nonspecific, and as a result, do not meet the pleading requirements of §6-5-551.  These Defendants further contend that Plaintiff's wantonness allegations, contained in Count II of her Complaint, are not sufficient to warrant an award of punitive damages.

In his Motion to Dismiss, Defendant Daniel Stubler, M.D. (hereinafter "Dr. Stubler") has raised a similar argument. Defendant asserts that while Plaintiff asserts that Dr. Stubler "negligently caused or negligently allowed the plaintiff to go without proper, timely and complete evaluation for diagnosis that would have led to an earlier removal of the offending plate and lessening of the severe and permanent neurological injury suffered by Plaintiff, Plaintiff fails to identify what additional

2

evaluation, testing and observation Dr. Stubler should have undertaken or what would have constituted a complete evaluation of Plaintiff's hand.  Dr. Stubler further asserts that Plaintiff has not identified the resulting harm.  According to Defendant Dr. Stubler, Plaintiff has failed to identify the damage allegedly caused by Dr. Stubler's failed evaluation, as opposed to the damage allegedly caused by the surgery.

In response to Defendants' motions, Plaintiff argues that he has submitted an affidavit which clearly shows that he is a resident and citizen of the state of Georgia, and was such both prior to and at the time his Complaint was filed.  Plaintiff further asserts that Defendants Baldwin Bone & Joint and Dr. Hubley have essentially conceded that Plaintiff's Complaint gives fair notice of the acts made the basis of the Complaint.  With respect to Dr. Stubler, Plaintiff argues that the Complaint also gives proper notice of the alleged negligent acts of Dr. Stubler.  According to Plaintiff, following surgery on June 8, 2007 for an open reduction with internal fixation of a fracture to the humerus of his right arm, Dr. Hubley referred him to Dr. Stubler due to neurological injury to Plaintiff's radial nerve; however, Dr. Stubler failed to discover the reason for the problem, namely that Plaintiff's right radial nerve had been entrapped and effectively severed by a "Synthes large frag locking plate" that had been improperly applied during surgery. The entrapment caused a condition known as proximal amputation neuroma, and resulted in permanent impairment of Plaintiff's right arm.  Plaintiff asserts that at the pleading stage, he "cannot identify or 'sort out' what damages were caused by Dr. Hubley's

3

actions and those which were caused by Dr. Stubler".

## II.  Discussion

### A. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. --,129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and

"[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

### B. Defendants Dr. Hubley and Baldwin Bone & Joint's diversity argument

Turning first to Defendants Dr. Hubley and Baldwin Bone & Joint's diversity argument, the law is clear that to bring an action in a federal district court, a claim generally must involve (1) a federal question, 28 U.S.C. § 1331, or (2) diversity of citizenship between the parties and an amount in controversy exceeding $ 75,000. *See* 28 U.S.C. § 1332; Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In this action, Defendants contend that there is a question regarding Plaintiff's citizenship at the time the Complaint was filed. "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).  For diversity purposes, a person is a citizen of the state in which he is domiciled. *See* McCormick v. Aderholt, 293 F. 3d 1254, 1257 (11th Cir. 2002). ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").  "Domicile," in turn, is properly

defined as "the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular Partners, 412 F. 3d 1247, 1249 (11th Cir. 2005)(citations omitted.)  Plaintiff has produced a sworn affidavit in which he affirms that he moved to Alpharetta, Georgia on June 28, 2008, shortly before his wedding, with the intention of remaining in Georgia indefinitely.  He further affirms that he has been issued a Georgia's driver's licence, has registered and voted in state and federal elections in Georgia, has purchased a home in Georgia, and has secured employment in Georgia. According to Plaintiff, upon receipt of his Georgia driver's licence, he surrendered his Alabama driver's licence, and he has not resided in the state of Alabama since June 2008. Defendants have offered no evidence to refute Plaintiff's showing. Accordingly, based upon the undisputed record evidence, the undersigned finds that Plaintiff has meet his burden of establishing that he was a citizen of Georgia at the time he initiated this action.

### C. Defendants' AMLA Arguments

As noted supra, Defendants argue that Plaintiff's Complaint fails to meet the pleading requirements of the AMLA.  That statute provides, in relevant part:

> In any action for injury, damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omission in providing

6

> health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action.  The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts....Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted."

1975, Ala. Code § 6-5-551.

The Alabama Supreme Court has held that this statute requires plaintiffs to give fair notice of the nature of the complaint.  In <u>Mikkelsen v. Salama</u>, 619 So.2d 1382(Ala. 1993), the Alabama Supreme Court explained that "although every element of the cause of action need not be stated with particularity, the plaintiff must provide the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm."  619 So.2d at 1384.  If "the complaint affords the defendant health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff." <u>Id</u>.; <u>Loftin v. Labs-Fountain Valley, Inc</u>., 2006 U.S. Dist. LEXIS 85104 (M.D. Ala., Nov. 17, 2006)(where the plaintiff alleged that the defendants were negligent in testing and reporting the plaintiff's urine specimen,

7

kidney sample and bladder wash as positive for cancerous or malignant cells, the complaint satisfied the AMLA pleading requirements where it gave the defendants notice of the allegedly negligent act, it identified the time and place it occurred, and the harm that resulted); Yon v. Riley, 2002 U.S. Dist. LEXIS 10267(M.D. Ala. May 29, 2002)(because the complaint specified what defendants failed to do, and when they failed to do it, the court found the allegations in the complaint were sufficient to meet the AMLA pleading requirements).

In his Complaint, Plaintiff alleges that he underwent a surgical procedure at Thomas Hosptial in Bay Minette, Alabama on June 8, 2007 for open reduction with internal fixation of a fracture to the humerous of his right arm.  According to Plaintiff, Dr. Hubley, who is an employee and or agent of Baldwin Bone & Joint performed the surgery, and in doing so, he failed to identify and properly protect Plaintiff's right radial nerve during surgery. Plaintiff alleges that his right radial nerve was entrapped and severed by a "Synthes large frag locking plate" that was improperly applied during the surgery. Plaintiff further alleges that these Defendants were aware of the need to protect Plaintiff's right radial nerve during surgery, but they acted recklessly in disregarding said need.  Plaintiff also contends that due to the negligent and reckless acts of these Defendants, he suffered permanent injury.  According to Plaintiff, his right radial nerve

was injured, he had to have additional surgery so that the injury could be discovered, he had to have extensive physical therapy and rehabilitation and treatment, and he has experienced neurological loss in his ability to use his right arm.  Based upon the allegations in Plaintiff's Complaint, the undersigned finds that Plaintiff has alleged facts sufficient to place Defendants Dr. Hubley and Baldwin Bone & Joint on notice of the alleged negligent and wanton acts, the time and place where said acts occurred, and the harm that resulted therefrom. Accordingly, the undersigned finds that with respect to Dr. Hubley and Baldwin Bone& Joint, Plaintiff has satisfied the pleading requirements of AMLA.

With respect to Dr. Stuber, Plaintiff alleges that following his June 8, 2007 surgery, Dr. Hubley referred him to Dr. Stuber so that Dr. Stuber could utilize his neurological expertise to determine the cause of Plaintiff's deteriorating nerve symptoms post surgery.  Plaintiff also alleges that Dr. Stuber failed to properly evaluate him and discover the cause of his nerve problem, and as a result, the problem with the entrapped nerve went undetected for an extended period. According to Plaintiff, if Dr. Stuber had properly diagnosed the problem with the nerve, the offending plate would have been removed earlier, and the neurological damage he suffered, including severe injury and impairment of his radial nerve, would have not been as severe. While Plaintiff's Complaint does not provide the  exact date in which Plaintiff sought treatment from Dr.

9

Stuber, he has alleged that the treatment took place in close proximity to the June 8, 2007 surgery and he has identified the act which Dr. Stuber allegedly failed to perform, and the damage which he allegedly suffered as a result.  Accordingly, the undersigned finds that with respect to Dr. Stubler, Plaintiff has satisfied the pleading requirements of AMLA.

### III.     Conclusion

For the reasons discussed herein, the undersigned RECOMMENDS that Defendants' Motions to Dismiss be denied.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the **6th** day of **October, 2009.**

                                            **/s/ Sonja F. Bivins**
                              **UNITED STATES MAGISTRATE JUDGE**